IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JEREMY DAVIS,

    Plaintiff pro se,

  v.

CAPITAL ONE AUTO FINANCE,

    Defendant.

CIVIL ACTION FILE

NO. 1:17-CV-1706-WSD-WEJ

**ORDER AND
REPORT AND RECOMMENDATION**

On April 7, 2017, plaintiff pro se, Jeremy Davis, filed the initial Complaint [1-1] in the Magistrate Court of Fulton County, Georgia, alleging that defendant, Capital One Auto Finance ("COAF"), violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, and committed identity theft in violation of O.C.G.A. § 16-9-121.[1] On June 1, 2017, plaintiff filed the Amended Complaint [9], realleging those same claims. This matter is before the Court on defendant's

---

[1] The Amended Complaint also uses the terms "Defamation of Character" (see Am. Compl. at 1) and "Invasion of Privacy" (id. at 2). However, plaintiff does not allege any facts in support of such claims or expand on them. Accordingly, for the reasons set forth infra, the undersigned **RECOMMENDS** that defendant's Motion be **GRANTED** as to all claims.

Motion to Dismiss Plaintiff's Amended Complaint [11] and plaintiff's Motion to Discovery and Request to Subpeona [sic] Documents [20]. For the reasons set forth below, the undersigned **RECOMMENDS** that defendant's Motion be **GRANTED** as to all claims and this case be **DISMISSED**.

I. **GOVERNING LEGAL STANDARDS**

As an initial matter, the Court notes that plaintiff's discovery requests are premature at this stage of the litigation, as discovery has not begun. Therefore, the Court **DENIES** plaintiff's Motion to Discovery as premature, and focuses on defendant's Motion to Dismiss.

Federal Rule of Civil Procedure 12(b)(6) allows the Court to dismiss a complaint, or portions thereof, for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss, the Court must take the allegations of the complaint as true and must construe those allegations in the light most favorable to the plaintiff. Rivell v. Private Health Care Sys., Inc., 520 F.3d 1308, 1309 (11th Cir. 2008) (per curiam).

Although a court is required to accept well-pleaded facts as true when evaluating a motion to dismiss, it is not required to accept the plaintiff's legal conclusions. Chandler v. Sec'y of Fla. Dep't of Transp., 695 F.3d 1194, 1199 (11th Cir. 2012) (per curiam) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

2

When evaluating the sufficiency of a plaintiff's complaint, the court makes reasonable inferences in favor of the plaintiff, but is not required to draw the plaintiff's inference. Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005) (per curiam). Similarly, the Court does not accept as true "unwarranted deductions of fact or legal conclusions masquerading as facts." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (internal quotation marks and citation omitted).

Finally, the Court may dismiss a complaint if it does not plead "enough facts to state a claim to relief that is plausible on its face." Chandler, 695 F.3d at 1199 (internal quotation marks and citation omitted). In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court observed that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. Although factual allegations in a complaint need not be detailed, those allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (citations and footnote omitted). Moreover, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The

3

mere possibility that the defendant might have acted unlawfully is not sufficient to allow a claim to survive a motion to dismiss. Id. Instead, the well-pleaded allegations of the complaint must move the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

## II. PLAINTIFF'S ALLEGATIONS

The Amended Complaint alleges that COAF inquired and obtained Mr. Davis's consumer credit report on April 11, March 20, and March 23, 2015. (Am. Compl. ¶¶ 7, 10.) Plaintiff alleges that he had no contractual relationship or business dealings with defendant, that defendant is not his creditor, that he never applied for credit services with defendant or gave it permission to obtain his credit report, and that he never provided it with his social security number. (Id. ¶¶ 9-11, 19-20, 23.) The Amended Complaint states that Mr. Davis twice notified COAF of the alleged violations in an attempt to mitigate damages and obtain a settlement before filing suit, but it failed to respond. (Id. ¶¶ 21-22.)

Count I alleges that COAF committed identify theft by illegally obtaining Mr. Davis's credit report in violation of O.C.G.A. § 16-9-121. (Am. Compl. ¶¶ 8-13.) Count II alleges that COAF obtained Mr. Davis's consumer credit report without a permissible purpose in willful violation of the FCRA. (Id. ¶¶ 14-23.)

4

Plaintiff demands statutory damages in the amount of $9,000, plus costs, and attorney's fees. (Id. at 5.)

## III. DISCUSSION

Defendant argues that Mr. Davis's claim under O.C.G.A. § 16-9-121 must be dismissed because he failed to allege that it willfully and fraudulently violated the statute and did not comply with the statutorily-required notice to the Attorney General of Georgia. (Def.'s Mem. Supp. [12] 2.) Similarly, COAF contends that plaintiff's FCRA claim must be dismissed because he failed to allege that it negligently or willfully accessed his credit without a permissible purpose. (Def.'s Mem. Supp. 2.)

### A. Count I: O.C.G.A. § 16-9-121 Identity Theft Claim

COAF asserts that Mr. Davis's claim pursuant to O.C.G.A. § 16-9-121 must fail because his conclusory and vague allegations are insufficient to establish that it willfully and fraudulently obtained his credit information, elements necessary to establish a violation of that statute. (Def.'s Mem. Supp. 10-11.) Defendant contends that, at most, plaintiff simply alleges that it obtained a copy of his credit report, and he is not sure why. (Def.'s Mem. Supp. 11-12.) Finally, COAF argues that Count II must be dismissed because plaintiff failed to allege that he provided the requisite notice to the Attorney General before

5

bringing that claim. (Def.'s Mem. Supp. 12-13.) In response, plaintiff merely reiterates the allegations set forth in the Amended Complaint. (Pl.'s Resp. to Mot. Dismiss [17]; see also Pl.'s Resp. Mot. Dismiss Untimely Resp. [19].)

O.C.G.A. § 16-9-121, establishes the elements of identify fraud as follows:

(a) A person commits the offense of identity fraud when he or she willfully and fraudulently:

> (1) Without authorization or consent, uses or possesses with intent to fraudulently use identifying information concerning a person;
>
> (2) Uses identifying information of an individual under 18 years old over whom he or she exercises custodial authority;
>
> (3) Uses or possesses with intent to fraudulently use identifying information concerning a deceased individual;
>
> (4) Creates, uses, or possesses with intent to fraudulently use any counterfeit or fictitious identifying information concerning a fictitious person with intent to use such counterfeit or fictitious identification information for the purpose of committing or facilitating the commission of a crime or fraud on another person; or
>
> (5) Without authorization or consent, creates, uses, or possesses with intent to fraudulently use any counterfeit or fictitious identifying information concerning a real person with intent to use such counterfeit or fictitious identification information for the purpose of committing or facilitating the commission of a crime or fraud on another person.

(b) A person commits the offense of identity fraud by receipt of fraudulent identification information when he or she willingly accepts for identification purposes identifying information which he

> or she knows to be fraudulent, stolen, counterfeit, or fictitious. In any prosecution under this subsection it shall not be necessary to show a conviction of the principal thief, counterfeiter, or fraudulent user.

O.C.G.A. § 16-9-121(a)-(b). Additionally, while a consumer victim may bring an identity fraud action against the person engaging in such violations, O.C.G.A. § 16-9-130 requires the consumer to serve the Attorney General "with a copy of the initial complaint and any amended complaint within 20 days of the filing of such complaint." Id. § 16-9-130(e).

As COAF correctly observes, neither the April 7, 2017 initial Complaint, nor the June 1, 2017 Amended Complaint allege that Mr. Davis complied with O.C.G.A. § 16-9-130(e)'s service requirement. Likewise, the electronic docket does not include proof of service upon the Attorney General and the time to comply with the twenty-day service deadline as to both pleadings has expired. Notably, plaintiff failed to address that issue in his responses to defendant's Motion. Additionally, for the reasons set forth infra Part III.B, the Amended Complaint does not adequately allege that COAF acted willfully and fraudulently, as required to prove identity theft. Because plaintiff failed to comply with O.C.G.A. §16-9-130's service requirement, Count I fails as a matter of law and amendment would be futile. Accordingly, the undersigned **RECOMMENDS** that defendant's Motion to Dismiss be **GRANTED** as to Count I.

### B. Count II: FCRA Claim

COAF contends that plaintiff's FCRA claim cannot succeed because he did not allege sufficient facts to establish that it acted without a permissible purpose and with the requisite mental state. (Def.'s Mem. Supp. 3-4.) Defendant asserts that is not necessary for it to have had direct dealings with plaintiff in order to lawfully obtain a credit report, and observes that the credit report attached to the Complaint indicates that plaintiff likely was attempting to buy a car at the time because several other entities, including Chrysler Capital and Santander Consumer USA, also accessed his credit report. (Def.'s Mem. Supp. 8-9 & n.2 (citing Compl. Ex. A. [1-1], at 8).) In response, plaintiff merely reiterates the allegations set forth in the Amended Complaint. (Pl.'s Resp. to Mot. Dismiss; see also Pl.'s Resp. Mot. Dismiss Untimely Resp.)

The FCRA provides in relevant part, that "[a] person shall not use or obtain a consumer report for any purpose unless . . . the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section . . . ." 15 U.S.C. § 1681b(f). Consumers may bring private suits for willful or negligent violations of the FCRA. Rush v. Macy's New York, Inc., 775 F.2d 1554, 1557 (11th Cir. 1995) ("Under [the FCRA,] civil liability for improper use and dissemination of credit information may be imposed only on a consumer

8

reporting agency or user of reported information who willfully or negligently violates the FCRA."). To establish a claim of willful or negligent acquisition of a consumer report, "Plaintiff must prove that (i) there was a consumer report, (ii) Defendant obtained it, (iii) Defendant did so without a permissible statutory purpose, and (iv) Defendant acted with the specified culpable mental state." Davis v. ConsumerInfo, No. 13-80377-CIV-MIDDLEBROOKS/BRANNON, 2014 WL 12589134, at *2 (S.D. Fla. Sept. 10, 2014) (collecting cases).

Here, Mr. Davis fails to state a FCRA claim that is plausible on its face. Although he alleges that COAF willfully accessed his consumer credit report without a permissible purpose, the Amended Complaint's conclusory allegations fail to explain how defendant violated the FCRA. "While *pro se* complaints should be liberally construed, they still must allege factual allegations that raise a right to relief above the speculative level." Modrall v. Corker, 654 F. App'x 1021, 1022 (11th Cir. 2016) (per curiam); accord Iqbal, 556 U.S. at 678. Mr. Davis's allegation that he never had business dealings, made a credit application with, or otherwise gave permission to COAF to access his credit report are insufficient to state a claim. It is clearly established that "an absence of dealings with the [user of credit information] is simply not enough to establish liability." See McKernan v. Diversified Consultants, Inc., No: 6:14-CV-2126-Orl-22KRS, 2015 WL

reporting agency or user of reported information who willfully or negligently violates the FCRA."). To establish a claim of willful or negligent acquisition of a consumer report, "Plaintiff must prove that (i) there was a consumer report, (ii) Defendant obtained it, (iii) Defendant did so without a permissible statutory purpose, and (iv) Defendant acted with the specified culpable mental state." Davis v. ConsumerInfo, No. 13-80377-CIV-MIDDLEBROOKS/BRANNON, 2014 WL 12589134, at *2 (S.D. Fla. Sept. 10, 2014) (collecting cases).

Here, Mr. Davis fails to state a FCRA claim that is plausible on its face. Although he alleges that COAF willfully accessed his consumer credit report without a permissible purpose, the Amended Complaint's conclusory allegations fail to explain how defendant violated the FCRA. "While *pro se* complaints should be liberally construed, they still must allege factual allegations that raise a right to relief above the speculative level." Modrall v. Corker, 654 F. App'x 1021, 1022 (11th Cir. 2016) (per curiam); accord Iqbal, 556 U.S. at 678. Mr. Davis's allegation that he never had business dealings, made a credit application with, or otherwise gave permission to COAF to access his credit report are insufficient to state a claim. It is clearly established that "an absence of dealings with the [user of credit information] is simply not enough to establish liability." See McKernan v. Diversified Consultants, Inc., No: 6:14-CV-2126-Orl-22KRS, 2015 WL

reporting agency or user of reported information who willfully or negligently violates the FCRA."). To establish a claim of willful or negligent acquisition of a consumer report, "Plaintiff must prove that (i) there was a consumer report, (ii) Defendant obtained it, (iii) Defendant did so without a permissible statutory purpose, and (iv) Defendant acted with the specified culpable mental state." Davis v. ConsumerInfo, No. 13-80377-CIV-MIDDLEBROOKS/BRANNON, 2014 WL 12589134, at *2 (S.D. Fla. Sept. 10, 2014) (collecting cases).

Here, Mr. Davis fails to state a FCRA claim that is plausible on its face. Although he alleges that COAF willfully accessed his consumer credit report without a permissible purpose, the Amended Complaint's conclusory allegations fail to explain how defendant violated the FCRA. "While *pro se* complaints should be liberally construed, they still must allege factual allegations that raise a right to relief above the speculative level." Modrall v. Corker, 654 F. App'x 1021, 1022 (11th Cir. 2016) (per curiam); accord Iqbal, 556 U.S. at 678. Mr. Davis's allegation that he never had business dealings, made a credit application with, or otherwise gave permission to COAF to access his credit report are insufficient to state a claim. It is clearly established that "an absence of dealings with the [user of credit information] is simply not enough to establish liability." See McKernan v. Diversified Consultants, Inc., No: 6:14-CV-2126-Orl-22KRS, 2015 WL

12426148, at *3 (July 2, 2015) (collecting cases); see also Hinkle v. CBE Grp., CV 311-091, 2012 WL 681468, at *3 (S.D Ga. Feb. 3, 2012) ("[A]s the Court has repeatedly explained, it is not necessary for Plaintiff to have had direct dealings with Defendant . . . .").

Likewise, COAF's failure to respond to Mr. Davis's inquiries does not establish that it accessed his credit report without a permissible purpose. Because the Amended Complaint merely speculates as to the possibility that defendant violated the FCRA and fails to present "enough facts to raise a reasonable expectation that discovery will reveal," unlawful conduct, that claim fails as matter of law. Twombly, 550 U.S. at 556. Moreover, given plaintiff's failure to address COAF's arguments in his responses, it does not appear that he can further amend his FCRA claim to state a right to relief. Accordingly, the undersigned **RECOMMENDS** that defendant's Motion to Dismiss be **GRANTED** as to Count II.

### IV. CONCLUSION

For the reasons set forth above, the Court **DENIES** plaintiff's Motion to Discovery and Request to Subpeona [sic] Documents [20] as premature.

Furthermore, the undersigned **RECOMMENDS** that defendant's Motion to Dismiss [11] be **GRANTED** as to all claims.

10

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**SO ORDERED AND RECOMMENDED,** this the 18th day of August, 2017.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE