# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

JEREMY DAVIS,

      Plaintiff,

v.

CAPITAL ONE AUTO FINANCE,

      Defendant.

1:17-cv-1706-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Walter E. Johnson's Order and Report and Recommendation [21] ("R&R"). The R&R recommends the Court grant Defendant Capital One Auto Finance's ("Defendant") Motion to Dismiss [11] ("Motion").

## I. BACKGROUND

On April 7, 2017, Plaintiff Jeremy Davis ("Plaintiff") filed his initial Complaint [1.1] in the Magistrate Court of Fulton County, Georgia, alleging that Defendant violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, and committed identity theft in violation of O.C.G.A. § 16-9-121. On June 1, 2017, Plaintiff filed his Amended Complaint [9], realleging the same claims. On June 14, 2017, Defendant filed its Motion, seeking to dismiss the action pursuant

to Federal Rule of Civil Procedure 12(b)(6). On August 8, 2017, the Magistrate Judge issued his R&R, recommending the Court grant Defendant's Motion.

## II. DISCUSSION

### A. Legal Standard

#### 1. Review of a Magistrate Judge's R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Where, as here, no party has objected to the report and recommendation, the Court conducts only a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

#### 2. Motion to Dismiss

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "assume that the factual allegations in the complaint are true and give the plaintiff[] the benefit of reasonable factual inferences." Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir.

2010).  Although reasonable inferences are made in the plaintiff's favor, "'unwarranted deductions of fact' are not admitted as true." Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (1996)). The Court also is not required to accept as true conclusory allegations and legal conclusions.  See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (construing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)); see also White v. Bank of America, NA, 597 F. App'x 1015, 1018 (11th Cir. 2014) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.") (quoting Oxford Asset Mgmt., Ltd. V. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  Mere "labels and conclusions" are insufficient.  Twombly, 550 U.S. at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  This requires more than

the "mere possibility of misconduct."  Am. Dental, 605 F.3d at 1290 (quoting Iqbal, 556 U.S. at 679).  The well-pled allegations must "nudge[] their claims across the line from conceivable to plausible."  Id. at 1289 (quoting Twombly, 550 U.S. at 570).[1]

Complaints filed *pro se* are to be liberally construed and are "held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted).  Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure.  "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief."  Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007).  "[A] district court does not have license to rewrite a deficient pleading."  Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

---

[1] Federal Rule of Civil Procedure 8(a)(2) requires the plaintiff to state "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In Twombly, the Supreme Court recognized the liberal minimal standards imposed by Federal Rule 8(a)(2) but also acknowledged that "[f]actual allegations must be enough to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555.

4

B. <u>Analysis</u>

1. <u>Plaintiff's O.C.G.A. § 16-9-121 Claim</u>

Plaintiff first argues Defendant committed identity theft by illegally obtaining Plaintiff's credit report in violation of O.C.G.A. § 16-9-121. (Am. Compl. ¶¶ 8-13). In its Motion, Defendant argues Plaintiff's claim under O.C.G.A. § 16-9-121 must be dismissed because he failed to allege that it willfully and fraudulently violated the statute and did not comply with the statutorily-required notice to the Attorney General of Georgia. (Motion at 2).

A claim filed pursuant to O.C.G.A. § 16-9-121 requires compliance with the statute's service requirement. Plaintiff was required to serve the Attorney General "with a copy of the initial complaint and any amended complaint within 20 days of the filing of such complaint." O.C.G.A. § 16-9-130(e). The Magistrate Judge found that Plaintiff failed to comply with the service requirement, and, additionally, the twenty-day service deadline as to both pleadings has expired. (R&R at 7). The Magistrate Judge also found that Plaintiff's Amended Complaint does not adequately allege Defendant acted willfully and fraudulently, as required to prove identity theft. (<u>Id.</u>). The Magistrate Judge thus recommends Defendant's Motion be granted as to his O.C.G.A. § 16-9-121 claim. The Court finds no plain

error in the Magistrate Judge's recommendation, and Defendant's Motion as to Plaintiff's O.C.G.A. § 16-9-121 claim is granted.  See Slay, 714 F.2d at 1095.

2. Plaintiff's FCRA Claim

Plaintiff also argues Defendant obtained Plaintiff's consumer credit report without a permissible purpose in willful violation of the FCRA.  (Am. Compl. ¶¶ 14-23).  Defendant contends Plaintiff's FCRA claim must be dismissed because he failed to allege that it negligently or willfully accessed his credit without a permissible purpose.  (Motion at 2).

The FCRA provides in relevant part, that "[a] person shall not use or obtain a consumer report for any purpose unless . . . the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section . . . ." 15 U.S.C. § 1681b(f).  Consumers may bring private suits for willful or negligent violations of the FCRA.  Harris v. Mexican Specialty Foods, Inc., 564 F.3d 1301, 1306 (11th Cir. 2009); see also, Rush v. Macy's New York, Inc., 775 F.2d 1554, 1557 (11th Cir. 1995) ("Under [the FCRA,] civil liability for improper use and dissemination of credit information may be imposed only on a consumer reporting agency or user of reported information who willfully or negligently violates the FCRA.").  To establish a claim of willful or negligent acquisition of a consumer report, "Plaintiff must prove that (i) there was a consumer report, (ii)

6

Defendant obtained it, (iii) Defendant did so without a permissible statutory purpose, and (iv) Defendant acted with the specified culpable mental state." Davis v. ConsumerInfo, No. 13-80377-CIV-MIDDLEBROOKS/BRANNON, 2014 WL 12589134, at *2 (S.D. Fla. Sept. 10, 2014); see also, Jean v. Cavalry SPV I, LLC, 2016 WL 6661170, at *5 (N.D. Ga. Jan. 25, 2016).

The Magistrate Judge found that Plaintiff failed to state a claim because "[a]lthough he alleges that [Defendant] willfully accessed his consumer credit report without a permissible purpose, the Amended Complaint's conclusory allegations fail to explain how [D]efendant violated the FCRA." (R&R at 9). The Magistrate Judge reasoned that Plaintiff's allegations
 that he never had business dealings, made a credit application with, or gave permission to Defendant to access his credit report are insufficient to state a claim because it is "clearly established that 'an absence of dealings with the [user of credit information] is simply not enough to establish liability.'" (R&R at 9) (citing McKernan v. Diversified Consultants, Inc., No. 6:14-cv-2126-ORL-22KRS, 2015 WL 12426148, at *3 (M.D. Fla. July 2, 2015). The Magistrate Judge thus recommends Defendant's Motion be granted as to Plaintiff's FCRA claim. The Court finds no plain error in the Magistrate Judge's recommendation, and

Defendant's Motion as to Plaintiff's FCRA claim is granted.  See Slay, 714 F.2d at 1095.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Walter E. Johnson's Order and Report and Recommendation [21] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant Capital One Auto Finance's Motion to Dismiss [11] is **GRANTED**.  This action is **DISMISSED**.

**SO ORDERED** this 18th day of September, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE